MEMORANDUM **
Fred Meyer Stores, Inc. appeals the jury verdict and entry of judgment in fa *670 vor of Myrna I. Johnson. Johnson cross appeals. We have jurisdiction over the district court’s final judgment pursuant to 28 U.S.C. § 1291,- and we affirm in part (on the cross-appeal) and reverse in part (on the appeal).
I
Johnson’s federal claims having been dismissed, the only claim remaining for trial was breach of the implied covenant of good faith and fair dealing arising under state law.[1] On it, just the subjective prong was tried. The district court correctly instructed that an employer violates the covenant when it acts with improper motive or in bad faith. However, the court applied Alaska law too broadly by also instructing that it is breach “if a supervisor terminates an employee for the purpose of hiring another employee for whom he had a hoped for romantic interest.” In effect, this part of Instruction 17 directed the verdict, inappropriately in our view, given that Alaska has recognized subjective breach only when an employee has been terminated for the purpose of depriving her of a contract benefit. See Chijide v. Maniilaq Ass’n of Kotzebue, 972 P.2d 167, 172 (Alaska 1999); Mitford v. de Lasala, 666 P.2d 1000, 1007 (Alaska 1983). While the covenant may not necessarily be limited to these circumstances alone, no Alaska case has found a subjective breach outside of this context, see, e.g., Era Aviation, Inc. v. Seekins, 973 P.2d 1137, 1141 (Alaska 1999), and none suggests that discharging an at-will employee on account of personality preferences would breach the covenant’s subjective prong. Id. at 1141 & n. 29. Thus, we believe the Alaska Supreme Court would conclude that the second half of Instruction No. 17 should not have been given.
II
Johnson argues on cross appeal that it is a public policy tort for a supervisor to arrange an employee’s termination to replace her with another with whom he wishes to pursue a romantic relationship. Public policy torts exist separately from the covenant of good faith and fair dealing. See Kinzel v. Discovery Drilling, Inc., 93 P.3d 427, 432 (Alaska 2004). But no matter how infelicitous San Miguel’s alleged behavior may seem, Alaska evidences no such policy in-its common law, statutes or constitution. See Luedtke v. Nabors Alaska Drilling, Inc. 768 P.2d 1123, 1130-31 (Alaska 1989).
III
We therefore affirm on the cross appeal. We reverse the judgment in favor of Johnson for instructional error, and remand. On remand, the court may wish to consider its discretion with respect to retaining supplemental jurisdiction.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.’

. The court could have declined supplemental jurisdiction over this claim under 28 U.S.C. § 1367(c). Given the novelty of the state law issue, it would be preferable for the courts of Alaska to address it.